R. G. VANNOY v. MRS. E. F. STAFFORD, ADMINISTRATRIX OF ESTATE OF E. F. STAFFORD, DECEASED.

(Filed 18 March, 1936.)

1. **Bills and Notes G f—**

An extension of time for payment of a note will not discharge an endorser when the note provides on its face that extension of time for payment is waived by all parties to the note, the endorser being a "party" to the note, C. S., 3092.

**2. Evidence D b—**

An attorney formerly holding a note for collection is not an interested party in an action on the note within the meaning of C. S., 1795, prohibiting testimony by interested parties as to transactions with or declarations of a decedent.

APPEAL by defendant from *Phillips, J.*, at October Term, 1935, of WILKES. No error.

*John R. Jones and J. M. Brown for plaintiff, appellee.*
*Trivette & Holshouser and J. H. Whicker for defendant, appellant.*

PER CURIAM. This was an action against the endorser of a note and was resisted on the ground of release by an extension of the time for payment. On the face of the note appears the following: "Protest, presentment, notice of dishonor, and extension of time of payment waived by all parties to this note."

These words constituted a waiver by defendant's intestate, who was a "party" to the note as an endorser. C. S., 3092; *Bank v. Hessee,* 207 N. C., 71; *Corp. Com. v. Wilkinson,* 201 N. C., 344.

Defendant also excepted to the testimony of an attorney, who had formerly held the note for collection, as to declarations of defendant's intestate to him, but C. S., 1795, disqualifies "only such as have a direct and substantial, or a direct legal or pecuniary interest in the result" (*Jones v. Emory,* 115 N. C., 158), and does not apply to an attorney. *Propst v. Fisher,* 104 N. C., 214; *Hall v. Holloman,* 136 N. C., 34.

No error.