MRS. ALICE T. BURTON v. MRS. PEARL T. STYERS, ADMINISTRATRIX OF ESTATE OF G. D. WILLIAMS,

and

D. C. BURTON v. MRS. PEARL T. STYERS, ADMINISTRATRIX OF ESTATE OF G. D. WILLIAMS.

(Filed 15 June, 1936.)

1. **Evidence D b—Husband and wife held competent to testify, each in the other's favor, as to transaction with decedent.**

Husband and wife instituted separate suits to recover, each respectively, for personal services rendered by them to defendant's testate. The actions were consolidated for trial with defendant's consent. The husband and wife were allowed to testify as to what services each saw the other render testate, and as to declarations of testate made to the other in the hearing of the witness. Upon the admission of the testimony, and again in the charge, the court instructed the jury that the testimony of the husband was to be considered by them only in regard to the wife's action, and that the testimony of the wife was to be considered by them only in regard to the husband's action. *Held:* Each witness was competent to testify for the other, since neither had a direct pecuniary interest in the action of the other, and was not therefore an interested party in the other's action within the meaning of C. S., 1795, and the testimony not being as to a transaction between the witness and the deceased, but between a third party and deceased, and the fact that the husband and wife, upon former employment, had placed their earnings in a common fund does not alter this result, since it is insufficient to show that either had a pecuniary interest in the other's recovery in the respective actions involved.

2. **Executors and Administrators D b—**

In an action to recover for personal services rendered decedent upon *quantum meruit*, and also upon alleged expressed promise to pay, the will of decedent is properly excluded from evidence as not being material to the issue.

APPEAL by defendant from *Rousseau, J.*, at November Term, 1935, of ROCKINGHAM.

Two separate actions for personal services to decedent, one on the part of Mrs. Alice T. Burton and the other on the part of D. C. Burton, were by consent of all parties and for convenience tried together.

In each case the plaintiff alleged a cause of action for services rendered to defendant's testator, an aged and feeble person, and sought compensation both on the ground of express agreement to pay and upon *quantum meruit.*

The plaintiff in the first named action and the plaintiff in the second are husband and wife.

During the trial, Mrs. Alice T. Burton was permitted, over objection, to testify to what services she saw D. C. Burton render to decedent, and D. C. Burton was permitted, over objection, to testify to what services he saw Mrs. Alice T. Burton render to decedent, the judge in each instance cautioning the jury to consider the evidence of the wife only in the husband's suit, and the evidence of the husband only in the wife's suit. This caution was repeated in the charge to the jury at the close of the testimony.

Separate issues in each case were submitted to the jury and answered in favor of the respective plaintiffs, and from judgments thereon defendant appealed.

*P. T. Stiers and Henry P. Lane for plaintiffs.*
*H. R. Scott and Sharp & Sharp for defendant.*

DEVIN, J. The determinative question presented by the appeal in these cases involves the competency of the testimony of Mrs. Burton in behalf of and in support of her husband's suit, and of the testimony of Mr. Burton in behalf of and in support of his wife's suit, against the administratrix of a deceased person. Was this testimony rendered incompetent by C. S., 1795? This statute, since its enactment as a part of the Code of Civil Procedure of 1868, has been frequently considered by this Court and discriminating distinctions drawn as to its application to varying facts. It provides, in effect, that "upon the trial of an action . . . a party or person interested in the event . . . shall not be examined in his own behalf or interest . . . against the administrator of a deceased person . . . concerning a personal transaction or communication between the witness and the deceased."

It has been consistently held by this Court that the prohibition against the testimony of a "person interested in the event" extends only to those having a "direct legal or pecuniary interest," and not to the sentimental interest the husband or wife would naturally have in the lawsuit of the other. *Hall v. Holloman,* 136 N. C., 34; *Helsabeck v. Doub,* 167 N. C., 205; *Vannoy v. Stafford,* 209 N. C., 748; C. S., 1801.

Hence, the fact of the relationship of husband and wife would not of itself render the testimony of either Mrs. Burton or Mr. Burton incompetent under the statute. These were separate suits. In the suit of D. C. Burton against the administratrix of G. D. Williams, deceased, Mrs. Burton had no legal or pecuniary interest in the recovery by her husband of compensation for services rendered by him to the decedent. In that suit she was neither a party nor interested in the event. The same rule would apply to Mr. Burton when testifying in the suit of

Mrs. Alice Burton against the same administratrix. The trial of the two actions together would not have the effect to alter this rule. It would only impose upon the trial judge the duty to keep clearly in the minds of the jurors the distinction that the testimony of the one was to be considered only in the case of the other, and this the careful and painstaking judge seems to have done, both at the time the evidence was admitted and in his charge to the jury. The defendant consented that the two actions be tried together and cannot now complain of any difficulty occasioned by this situation.

The testimony of Mr. Burton in the one case and of Mrs. Burton in the other, consisted of statements as to what services each saw the other render to the decedent, and as to declarations of the decedent made in the hearing of the witness. It has been repeatedly held that an interested witness may testify of "any substantive and independent fact," that is not a communication or personal transaction with the deceased (*Witty v. Barham,* 147 N. C., 479), and of facts which the witness knew otherwise than from a transaction or communication with the deceased. *Gray v. Cooper,* 65 N. C., 183.

And in *March v. Verble,* 79 N. C., 19, it was held that the testimony of an interested witness of a substantive and independent fact was not rendered incompetent because in association with other matters, proved *aliunde,* it tended to charge the intestate's estate. The statute prohibits an interested witness from giving evidence of a personal transaction between the witness and the deceased, not one between witness and a third party, even though the transaction or communication took place in the presence of the deceased. *Barton v. Barton,* 192 N. C., 453; *In re Mann,* 192 N. C., 248.

In *Abernathy v. Skidmore,* 190 N. C., 66, an action to correct a mistake in a deed, it was held that an interested witness was not precluded by this statute from testifying to a conversation between the deceased and one who was then a party to the action. In stating the opinion of the court in that case, *Clarkson, J.,* uses this language: "The mischief the statute was passed to prevent was the giving of testimony by a witness interested in the event as to a personal transaction or communication between witness and the deceased person whose lips are sealed in death."

In *Zollicoffer v. Zollicoffer,* 168 N. C., 326, it was said: "There could be no valid objection to it (the testimony of the plaintiff), as the witness was not speaking of any communication or transaction between him and the deceased, but of one between the deceased and a third party."

The latest utterance on the subject by this Court is found in *Vannoy v. Green,* 206 N. C., 80, wherein *Brogden, J.,* quoted from *Johnson v.*

*Cameron,* 136 N. C., 243, as follows: "But here the witness testified as to no transaction or communication between herself and W. M. Cameron. It was a transaction between W. M. Cameron and her husband, and as to that she is a competent witness, notwithstanding her interest. . . . This case does not turn upon the witness being a party or interested in the event, she is both. But the transaction with the deceased here testified to by a party to the action was not between the witness and the deceased, and hence, by the terms of the statute and by the decisions, . . . the witness was properly admitted to testify in regard thereto."

The holding in *Brown v. Adams,* 174 N. C., 490, is not in conflict with this view. In that case the plaintiff Maggie Brown, in the same action, brought suit for herself individually and as administratrix of her deceased mother for compensation for services rendered to the decedent by both her and her mother. On the trial she offered to testify to a conversation in her presence between the deceased and her mother, wherein the intestate agreed to compensate her for services, and this evidence was held incompetent, the Court pointing out that this involved a personal transaction, a conversation, between the plaintiff and the deceased. The distinction between that case and the one under consideration is obvious. Here the testimony in each case is by a disinterested witness as to substantive and independent facts.

It was urged that this testimony should have been excluded on the ground that a partnership relation existed between the plaintiffs, in view of the testimony that Mr. and Mrs. Burton had previously been separately employed, and that their earnings were placed in a common fund. But this evidence could not be held to be sufficient to show that either had a legal or pecuniary interest in the recovery the other might secure as compensation for services to defendant's testator. *Croom v. Lumber Co.,* 182 N. C., 217. Nor was there error in sustaining the objection to the introduction of the will of G. D. Williams. This evidence was not material to any issue here raised and its exclusion was in no way prejudicial.

The plaintiffs' evidence was strongly controverted by the defendant, but this left it a matter for the jury. The cases seem to have been fairly presented by the trial judge. The triers of the facts have spoken in favor of the plaintiffs, and on the record we find no good ground for disturbing the result.

No error.