J. W. ALLEN, JOHN A. HENDRICKS, ELIZABETH HENDRICKS SHEETS, AND EVELYN HENDRICKS WHITT, v. EULA ALLEN, T. R. ALLEN, R. E. ALLEN, MRS. DELLA E. DAVIS AND HUSBAND, J. N. DAVIS; MRS. ALICE HAUSER, ALDEEN DOUB, AND ALDEEN DOUB, GUARDIAN FOR WILLIAM ALLEN DOUB, AND GUARDIAN FOR EDITH DOUB, MINORS.

(Filed 23 March, 1938.)

1. **Descent and Distribution § 12: Estoppel § 6g—Acceptance of deed with knowledge that land represented grantee's share in estates of his parents held to estop grantee from asserting interest in other lands of the parents' estates.**

   Where parents pool their real estate for the purpose of dividing it equitably among their children, and allot each child the share they desire it to have, and, pursuant to this design, execute a deed to two of the children, who accept same with full knowledge that the land conveyed represented their shares in the realty of their parents' estates, the children so accepting the deed with full knowledge are estopped from asserting any interest in other lands of the estates of their parents, and the estoppel is operative regardless of the fact that the deeds of gift executed to other children in the division of the real property are void because not registered within two years from their execution.

2. **Same—Evidence that husband and wife pooled their real estate for equitable division among their children held sufficient for jury.**

   Testimony that husband and wife called in a draftsman, informed him of their plan to divide their real estate among their children, and gave him information for the preparation of the deeds, and that the deeds were drawn and signed pursuant to the plan, *is held* sufficient to be submitted to the jury on the question of whether the husband and wife entered into an agreement to pool the real estate for equitable division among their children, and the deeds executed in pursuance of the agreement are competent in evidence as a strong circumstance in support of the direct evidence of the agreement, even though some of the deeds were void because not registered within two years from their execution.

3. **Same—Evidence that grantees accepted deeds with full knowledge that land conveyed represented their share in their parents' estates held sufficient to be submitted to the jury.**

   The evidence tended to show that a child of the grantors was given a deed to lands executed to himself and his sister, and informed that the land therein conveyed represented their shares of the real estate in a division of the grantors' lands among all the children, that both grantees were present at the time, that they later discussed the matter and that the sister suggested that they accept the deed, that they had the deed recorded, held the land for about two years, and then sold it, *is held* sufficient to be submitted to the jury on the question of whether the grantees accepted the deed with full knowledge that it represented their shares in their parents' estates, and the contention of the sister that she was not chargeable with knowledge of the information given her brother is untenable, since the evidence discloses that she had full knowledge at the time of her acceptance of the deed.

4. **Estoppel § 6i—Children, as heirs at law, held entitled to plead estoppel relating to realty in favor of estate.**

   Where two children accept a deed with full knowledge that the land therein conveyed represented their full shares in the real estate of their parents' estates, upon the death of one of the parents the estoppel of the two children from claiming any interest in other real estate of the parent's estate operates in favor of the estate, but inures to the benefit of the other children who are representatives of and claim through the deceased parent, and such other children may plead said estoppel.

5. **Estoppel § 6a—Contention that estoppel was ineffective for want of mutuality held untenable under facts of this case.**

   Parents pooled their real estate for equitable division among their children. Plaintiffs were deeded lands belonging to their mother in full of all claim they should have against the estates of both parents. Upon their father's death plaintiffs claimed an interest in the real estate of his estate, contending that the asserted estoppel deprived them of any interest in his lands. *Held:* The acts of the parents in pooling all their real estate for division among the children constituted but a single contract, the considerations having passed mutually between the parents for the benefit of all the children, and plaintiffs' contention of want of mutuality is untenable.

ALLEN v. ALLEN.

**6. Trial § 39—**

Where the issues submitted fully and adequately presented the cause to the jury, the refusal to submit issues tendered will not be held for error.

**7. Appeal and Error § 50—Decision on former appeal held not to have adjudicated question of estoppel raised by the pleadings.**

A decision of the Supreme Court adjudicating solely the invalidity of certain deeds of gift for want of registration within two years of their execution, and remanding the cause for a new trial, does not adjudicate the question of estoppel raised by the pleadings, and a motion for judgment on the pleadings and the certificate of the Supreme Court on the question of estoppel is properly denied.

**8. Evidence § 29—Objection that entire testimony of witness at former trial was not read to jury held untenable under facts of this case.**

When the full transcript of the testimony of a witness at a former hearing is properly identified and offered in evidence, the witness having died prior to the rehearing, the adverse party may not complain that all his testimony was not read to the jury when it appears that all of his direct examination and part of his cross-examination was read to the jury, without request that the entire cross-examination be read or objection to the failure to read it, and that appellants had the right to read the part omitted to the jury at any time.

**9. Same—Rule governing admission of depositions is not applicable to transcript of testimony of a party to the action.**

When the transcript of plaintiff's testimony at a former trial is properly identified, its admission in evidence is without error, the plaintiff having the right to contradict or explain any statement theretofore made by him, and the rule governing the admission of depositions not being applicable to testimony at a former hearing given by a party to the action.

**10. Evidence § 32—**

Testimony of conversations with a party to the action in which the witness related to the party statements made by a decedent is not in contravention of C. S., 1795.

**11. Same—**

A "person interested in the event" within the contemplation of C. S., 1795, is one having a direct legal or pecuniary interest in the subject matter of the litigation.

**12. Same—**

Since a husband has no vested interest in the real estate of his wife, it would seem that he is not a "person interested in the event" within the contemplation of C. S., 1795, in an action involving his wife's title to realty.

**13. Appeal and Error § 39d—**

The admission of testimony cannot be held prejudicial when it appears that the adverse party, in his testimony at a former trial introduced in evidence, admitted in substance the facts testified to by the witness.

APPEAL by plaintiffs from *Clement, J.,* at December Term, 1937, of YADKIN. No error.

This is a civil action instituted by the plaintiffs to have stricken from the record certain paper writings purporting to be deeds, executed by T. W. Allen and wife, E. J. Allen, both of whom are now deceased, for that said paper writings are null and void as deeds; and to have the plaintiffs and the defendants declared to be the owners as tenants in common of the lands described in the complaint, which are lands formerly owned by T. W. Allen, the father of the plaintiff J. W. Allen and the defendants, and the grandfather of the plaintiffs other than J. W. Allen.

In 1928 T. W. Allen and his wife, E. J. Allen, mother and father of the plaintiff J. W. Allen and the defendants, and grandparents of the plaintiffs other than J. W. Allen, agreed to pool their real estate and to divide it among their children before they should die. Pursuant to said agreement and in execution thereof on 20 April, 1928, the said T. W. Allen and E. J. Allen agreed upon a joint division of their holdings of real estate, and as a part thereof allotted and set apart to the plaintiff J. W. Allen and to their daughter, Hester V. Hendricks, now deceased, who was their daughter and the mother of the plaintiffs John A. Hendricks, Elizabeth Hendricks Sheets, and Evelyn Hendricks Whitt, 379 acres of land owned by E. J. Allen. A deed therefor was executed by them and delivered to J. W. Allen and Hester V. Hendricks. At the time of the delivery of said deed the grantees therein were fully informed as to the conditions upon which the deed was executed and delivered. The said T. W. Allen and E. J. Allen likewise allotted to each of their other children a share of the land, title to which was in T. W. Allen, and in evidence thereof they executed a deed to each of the defendants for his or her respective share under the division. The deeds executed to the defendants were tied in a bundle and placed in the safe of T. W. Allen, and instructions were given to one J. N. Davis, who had access to the safe of T. W. Allen, to deliver said deeds at the death of the grantors, it being a part of the agreement of division that the grantees in said deeds should not receive their respective shares in the division until after the death of the grantors.

On a former appeal in this cause, *Allen v. Allen,* 209 N. C., 744, it was held that the said deeds to the defendants were ineffectual to pass title to the land therein described for the reason that they were deeds of gift and were not within two years after the making thereof proved in due form and registered.

On the former appeal this Court did not undertake to adjudicate the rights of the parties in the lands formerly held by T. W. Allen. Issues of fact being raised by the pleadings a new trial was ordered. When the cause came on to be reheard in the court below issues were submitted to and answered by the jury as follows:

"1. Were the deeds to the defendants executed by T. W. Allen and wife, E. J. Allen, as deeds of gift during the lifetime of T. W. Allen and wife, E. J. Allen? Answer: 'Yes.'

"2. Were said deeds of gift delivered by T. W. Allen and wife, E. J. Allen, to J. N. Davis to be held in escrow until after the death of said T. W. Allen and wife, E. J. Allen, then to be delivered by the said J. N. Davis to the defendants in this cause? Answer: 'Yes.'

"3. Was said certificate of Oliver Long, notary public, adjudged to be in due form and according to law and the instruments, together with the certificate, ordered registered by J. L. Crater, clerk of the Superior Court, and were said instruments registered within two years after the making thereof? Answer: 'No.'

"4. Did T. W. Allen and wife, E. J. Allen, on 20 April, 1928, make a mutual division of their real estate among their children and grandchildren, to wit: J. W. Allen, Hester Hendricks, Eula Allen, T. R. Allen, R. E. Allen, Mrs. Della E. Davis, Mrs. Alice Hauser, Aldeen Doub, and William Allen Doub and Edith Doub, children of Lillian Doub, and execute and deliver instruments in writing as a memorandum of said division? Answer: 'Yes.'

"5. Are the plaintiffs, J. W. Allen, John A. Hendricks, Elizabeth Hendricks Sheets and Evelyn Hendricks Whitt, estopped from asserting any interest or title to the lands described in the complaint by reason of J. W. Allen and Hester Hendricks accepting the benefits of the mutual divisions of the property of T. W. Allen and wife, E. J. Allen, as alleged in the amended answer? Answer: 'Yes.'

"6. Are the plaintiffs and the defendants tenants in common of the lands described in the complaint? Answer: 'No.' "

Upon the coming in of the verdict the court below signed judgment declaring that the plaintiffs have no interest in the lands described in the complaint and that they take nothing by their action. The plaintiffs excepted and appealed.

*C. F. Burns, Richmond Rucker, Hastings & Booe, and Peyton B. Abbott for plaintiffs, appellants.*
*Avalon E. Hall and Grant & Grant for defendants, appellees.*

BARNHILL, J. There are 182 assignments of error the mere statement of which consumes 38 pages of the record. As these multitudinous assignments are not grouped it is with considerable difficulty that we are able to fish out of the record the pertinent questions of law the plaintiffs seek to present for determination on this appeal. It is clear, however, that whether there was a division of the lands belonging to T. W. and E. J. Allen among their children is not the decisive feature of the

case.  Here the controlling factor is the fact that a deed was tendered to J. W. Allen and Hester Hendricks for a tract of land belonging to Mrs. Allen as representing the full share of the grantees in the lands of both of their parents, and the grantees accepted the deed with full knowledge of the conditions and have disposed of the land, so that they cannot now return it or account for it.  They accepted the benefits of the gift or advancement and must abide by the conditions upon which it was made.

The situation presented is more comprehensive and far-reaching than a mere execution of deeds of gift by T. W. Allen and his wife to their children, and the validity of the deeds to the defendants does not materially affect the question presented.

These deeds merely evidenced and were in execution of an agreement entered into by and between T. W. Allen and his wife, E. J. Allen.  The same question of estoppel would be presented by this record even if said deeds had not been executed.  The real question presented is this: Where parents pool their real estate interests for the purpose of making an equitable partition thereof among their children, and actually partition and allot to each child the share they desire it to have in their real estate, and actually execute and deliver to two of the children a deed for the tract allotted to them jointly, which deed was accepted by the two children with full knowledge of the conditions upon which it was executed, and with the information at the time that it was tendered to them as representing their full interest in the joint real estate holdings of their parents, will the acceptance of such deed by said children estop them from claiming any further interest in the estate of their parents other than personal property which was not then divided?  We answer this question in the affirmative.

If, therefore, there was sufficient competent evidence to sustain the verdict and there was no error in the trial the judgment below must stand.

There is ample evidence in the record to sustain the finding of the jury that T. W. Allen and his wife entered into an agreement to pool their real estate holdings and to make a joint division of same among their children, and that in the execution of said agreement and the partitioning of said land the plaintiffs received and accepted a deed for 379 acres of land, title to which was held in the name of E. J. Allen.  The witness Long, who prepared the several deeds, was called in by the grantors in said deed and informed of the agreement and given information for the preparation of the deeds.  In addition thereto there is supporting evidence of a number of other witnesses, who testified that the grantors told them of the agreement and division.  To the same end is the testimony of J. N. Davis.  The paper writings purporting to be

deeds, while not effectual to pass title to said lands for the reasons set forth in the opinion of this Court on the former appeal, constitute memoranda of the agreement and a strong circumstance in support of the direct evidence of the agreement to make a joint division. The plaintiff Allen at the former hearing (which statement was offered at this hearing) testified, in referring to a conversation with his mother, that: "Your Pa says this would be your part." Without undertaking to detail all of the testimony it is sufficient to say that there is ample evidence in the record to warrant a submission of the cause to the jury on the question as to whether T. W. Allen and E. J. Allen made a joint division of their real estate holdings among their children.

After the deeds in question had been executed J. N. Davis took the deed conveying 379 acres of land to J. W. Allen and Hester V. Hendricks to the grantees and delivered it to them. At the time he informed them that their mother and father had agreed to fix up their business, and in doing so had prepared a deed for each of the children, and that the deed then being delivered was for their part of the real estate. Mrs. E. J. Allen was present. At the time she told them: "Your Pa says this would be your part." When he received the deed J. W. Allen stated that he did not know what he would do with it and he did not know whether he would accept it or not. The evidence further discloses that he discussed it with his co-grantee, Hester Hendricks, and they decided to accept the deed and to get J. N. Davis to assist them in looking after the farm. They had the deed recorded, kept the land for about two years and then sold it.

The contention of the plaintiffs that Hester Hendricks in no event could be bound by the information J. W. Allen received from J. N. Davis cannot be sustained. The evidence of Davis shows that Hester Hendricks was present at the time. The evidence of statements made by J. W. Allen in the former trial shows that Hester Hendricks went to the home of J. W. Allen with J. N. Davis and Mrs. E. J. Allen at the time the deed was delivered. The plaintiff Allen stated that he could not at that time discuss the matter with Hester Hendricks because they did not give him the deed until just before they left, saying: "I told them I would talk it over with my sister. They never brought the question up until they were about ready to leave, and I did not have a chance to talk with her. They brought her and she was going back with them." He further testified that later: "I told her (referring to his joint grantee) that I knew that this land was not much account and if we accepted it it would be an expense for nothing. She suggested that we keep it, that she thought she could get J. N. Davis to look after it. So we went up there and she made a contract with him to look after this land. I had the deed recorded. I kept the land for two years and

my sister and I sold it. We knew that we got that part of the land and that is all that we did know. I would like for the land to be divided equally. The land we got wasn't any good. It is off a long ways from a good road and it is rough land. It is on the river with no bottom-land but lots of rough upland, which makes it mighty cheap land. The way I understand it, my other brothers and sisters got all the best land, valued at a much lower price." He further testified: "They told me that the others were not getting their land then, but that Hester and I were getting ours now. They said that the other children would get the other land."

Thus it appears that the plaintiff J. W. Allen and Hester V. Hendricks, through whom the other plaintiffs claim, were tendered a deed for a tract of land as representing their full share of the lands belonging to their mother and father, and that they accepted the deed with full knowledge that it was so tendered and after first debating whether to accept it or not. They have received the full benefits of the deed. It would be contrary to all the principles of equity to permit them now to disavow the conditions upon which the deed was given to them and to successfully assert a further interest in the real estate of their parents.

The estoppel is not in favor of the defendants; it is in favor of the estate of T. W. Allen. These plaintiffs received the land described in their deeds as an advancement from the joint estate of their parents in full satisfaction of all claims they might have against either estate in so far as the real estate is concerned. Having received and accepted the deed with full knowledge they are now estopped to assert any further claims against said estate in respect to the real estate. T. W. Allen being now dead, and the property involved being real estate, the defendants, who are the representatives of and claim through T. W. Allen, can plead said estoppel, which inures to their benefit.

If this transaction deprives the plaintiffs of any interest in the lands of their father, as they stressfully contend, it must be borne in mind that it likewise deprives the defendants of any part of the lands of their mother. The plaintiffs elected to accept the advancement to them of the lands belonging to their mother in full of all claim they should have against the estates of both of their parents. They had their election and have made it. The acts of the father and of the mother in agreeing upon a division and in executing a deed to the plaintiffs were part and parcel of a single contract. They, the parents, acted mutually with a single purpose to a common end. The considerations passed mutually between the parents for the benefit of all the children. Those taking the lands of the mother under the agreement cannot elect both to affirm and to disaffirm the acts of the parents. This is fundamental equity and justice.

ALLEN *v.* ALLEN.

There was no error in the refusal of the court to submit the issues tendered by the plaintiffs. The issues adopted and submitted by the court fully and adequately presented the cause to the jury. Answers to these issues determine the controverted issues of fact raised by the pleadings.

The admissions in the pleadings and the certificate of the Supreme Court in the former appeal settle only the question of the validity of the deeds executed to the respective defendants. The facts upon which the plea of estoppel is based still remained for jury trial. The motion for judgment on the pleadings and the certificate from this Court was properly denied.

Oliver Long, who prepared the deeds, testified at the former hearing of this cause. At the time this case was called for rehearing this witness was dead. The defendants offered in evidence a transcript of his testimony in the former hearing after first having the same properly identified by the court reporter. The plaintiffs insist that in this there was error for the reason that only a part of said testimony was offered. The record does not sustain this contention. It discloses that the full transcript was offered, that all of the direct examination and a part of the cross-examination was read to the jury. There was no exception to the failure of the defendants to read all of the cross-examination and no request that they be required to do so. The full transcript was in evidence and the plaintiffs had a right to read it to the jury at any time, even during the argument. They, therefore, have no cause to complain in this respect. The defendants likewise offered in evidence parts of the testimony of the plaintiff J. W. Allen given at the former hearing, after first having the transcript properly identified. The portions offered showed statements made by J. W. Allen tending to show his knowledge of the conditions upon which the deed was delivered to him and the value of the lands. Former statements made by the plaintiff on the witness stand or elsewhere were admissible. He was in court, and if he so desired he had the right to contradict or explain any statement he had theretofore made. The rule governing the admission of depositions would not apply to this particular testimony, and the admission by the court of pertinent statements made by the plaintiff at the former hearing was not erroneous. The plaintiffs likewise challenge the competency of the testimony of J. N. Davis, who is the husband of one of the defendants, a child of T. W. and E. J. Allen. They contend that inasmuch as he is the husband of one of the defendants he is incompetent under C. S., 1795. His testimony concerns almost entirely conversations between him and the plaintiff J. W. Allen. While in these conversations he related to J. W. Allen statements made by T. W. Allen and E. J. Allen, this in no wise was in contravention of the provisions

of C. S., 1795, even if it be admitted that he is an interested party within the meaning of that statute. He also testified as to statements made by T. W. and E. J. Allen and that they gave him the deeds, including the one to the plaintiffs. He likewise testified that he placed the deeds other than the one to the plaintiffs in the safe of T. W. Allen, and after the death of T. W. Allen delivered them to the respective grantees named therein. This Court has heretofore held that a "person interested in the event" within the contemplation of C. S., 1795, extends only to those having a "direct legal or pecuniary interest" in the subject matter of the litigation. *Hall v. Holloman,* 136 N. C., 34; *Helsabeck v. Doub,* 167 N. C., 205; *Vannoy v. Stafford,* 209 N. C., 748; *Burton v. Styers,* 210 N. C., 230.

A husband has no vested interest in the real estate of his wife. In this respect he occupies a status similar to that of a child. He has the expectation of inheritance of a fixed interest in the real estate of his wife, provided she does not dispose of the same by will, just as a child may anticipate the inheritance of his share of such real estate unless precluded from doing so by the will of his mother. Neither has a present legal or pecuniary interest in the property, so that a husband is not precluded from testifying in behalf of his wife in a lawsuit in which the provisions of said statute may be invoked. It may be noted, however, that this is not a suit between the estate of T. W. Allen and the wife of J. N. Davis. Likewise, even if his testimony in this respect be held for error, the evidence discloses that the plaintiff at the first trial admitted in substance the facts to be as testified to by Davis. Certainly, then, any error in that respect is harmless.

We have undertaken to carefully examine each of the numerous exceptions entered and in none of them do we find meritorious cause for a new trial.

No error.