WILLIAM COWARD, LILLIE BELLE COWARD HADDOCK, CORNIE
    COWARD AND LENA COWARD SPEAR v. CLAUDE COWARD, WIL-
    LIAM COWARD, PETE COWARD, HAZEL COWARD, KATHLEEN
    COWARD, MARY GRAY COWARD, GRACIE COWARD, MINOR CHIL-
    DREN OF CLAUDE COWARD, DECEASED.

(Filed 22 November, 1939.)

1. **Descent and Distribution § 12: Estoppel § 6g—Evidence of heir's ac-**
    **ceptance of lands as his share of parents' estates held sufficient for**
    **jury on question of his estoppel from claiming interest in other lands.**

    The evidence disclosed that parents, each owning certain lands, entered
    into an agreement to pool their lands for division among their children,
    that pursuant thereto the share of each child was allotted, that the shares
    of certain daughters were allotted in their mother's lands but no deeds
    therefor were executed and that the mother died intestate, but that deeds

COWARD v. COWARD.

were executed to some of the childern and accepted by each as his full share in his parents' lands, that one son signified his willingness to accept the share allotted to him as his full share, but that at his request and direction his share was deeded to his brother in exchange for other lands deeded to him by his brother. *Held:* The son's signified willingness to accept the share allotted to him and the deeding of such share to his brother at his request in exchange for lands deeded him by his brother is tantamount to his acceptance of deed from his parents for the share allotted to him, and such fact, under the circumstances, would estop him from claiming any interest in the lands of his mother, and the evidence is sufficient to be submitted to the jury on the question of estoppel.

**2. Estoppel § 10—**

When a child would be estopped, if living, from asserting any interest in lands of which his mother died intestate by reason of his prior acceptance of deed to other lands as his full share in his parents' lands under an agreement by them to pool their lands for division among all their children, such child's children, as his sole heirs at law, are bound by the estoppel.

**3. Evidence § 32—Widower has no interest in division of wife's lands among their children, precluding his testimony as to agreement with her.**

When a husband and wife, each owning certain lands, enter into an agreement to pool their lands for division among their children, and the wife dies intestate before her lands are deeded in accordance with the agreement, the husband has a life estate in her lands as tenant by the curtesy regardless of the disposition of the lands among the children, and therefore has no direct pecuniary interest in an action by the children to whom deeds were not executed to declare the heirs of another child estopped to assert an interest in the lands of their mother, and his testimony of the agreement with his wife is not precluded by C. S., 1795.

**4. Husband and Wife § 4b—**

An agreement by a husband and wife to pool their respective lands for division among their children is not an agreement under which any interest in his wife's lands moves to the husband, and it is not required that such agreement be executed in accord with C. S., 2515.

APPEAL by defendants from *Hamilton, Special Judge,* at May Term, 1939, of CRAVEN.

*L. I. Moore for plaintiffs, appellees.*
*J. H. Harrell for defendants, appellants.*

SCHENCK, J. This is an action to have the plaintiffs other than William Coward, namely, Lillie Belle Coward Haddock, Cornie Coward and Lena Coward Spear, declared the owners of a tract of land containing 110 acres, of which their mother, the late Mary Argent Coward, died seized.

The plaintiffs alleged and offered evidence tending to show that. William Coward and his wife, Mary Argent Coward, had seven children, namely, Lena Coward Spear, Herman Coward, Luther M. Coward, Mary Gray Coward, Lillie Belle Coward Haddock, Cornie Coward and Claude Coward; that William Coward was seized and possessed of a tract of land containing 185 acres and that Mary Argent Coward was seized and possessed of a tract of land containing 110 acres; that William Coward and his wife, Mary Argent Coward, entered into an agreement to pool their real estate holdings and make a joint division of the same among their children; that in execution of said agreement William Coward and Mary Argent Coward executed deeds to their children, Luther M. Coward, Mary Gray Coward and Herman Coward, respectively, for portions of the 185-acre tract owned by William Coward, which deeds and the land conveyed thereby were delivered to and accepted by the respective grantees therein pursuant to and in acknowledgment of said agreement theretofore entered into between their parents to pool their lands and divide the same among their children; that the said William Coward and his wife, Mary Argent Coward, in execution of said agreement also allotted another portion of the said 185-acre tract to their son, Claude Coward, which the said Claude Coward signified he was willing to accept as his share in his parents' lands but which he requested his parents to convey to his brother, Herman Coward, as he and Herman had traded lands, he giving to Herman Coward his share in his parents' lands for a certain tract of land in Pitt County; that William Coward and Mary Argent Coward, in compliance with the request of their son, Claude Coward, did convey the land they had allotted to Claude Coward to Herman Coward; that Herman Coward conveyed to Claude Coward a tract of land in Pitt County in exchange for Claude Coward's interest in his parents' lands; that William Coward and his wife, Mary Argent. Coward, never made any conveyance to their three daughters, plaintiffs in this case, in pursuance to their agreement to pool their lands and divide them among their children, for the reason that their said daughters were in no immediate need of land; that Mary Argent Coward died intestate in the year 1930; that Claude Coward, son of William Coward and Mary Argent Coward, died intestate in the year 1931; that the defendants are the children of Claude Coward, deceased, and are his sole heirs at law, the minors among them being represented by a guardian *ad litem* duly appointed by the court.

The jury returned the following verdict:

"1. Did the plaintiff, William Coward, and his wife, Mary Argent Coward, prior to 1918, pool their respective tracts of land for the purpose of making a division thereof among their seven children, as alleged in the complaint? Answer: 'Yes.'

"2. Did Claude Coward, father of the defendants in this action, accept and receive his share of such division during his lifetime, and cause, procure and direct his said share to be conveyed to Herman Coward, his brother, in exchange for a tract of land in Pitt County, as alleged in the complaint?   Answer: 'Yes.'

"3. Are the defendants, and each of them, estopped from claiming any interest in the remaining land of said William Coward and Mary Argent Coward, as alleged?   Answer: 'Yes.'"

To judgment to the effect "that the defendants, and neither of them, are the owners of any interest in the lands described in the complaint known as the Mary Argent Coward lands, and that said defendants are estopped to claim any interest in said land," the defendants excepted and appealed to the Supreme Court, assigning errors.

There was ample evidence to·sustain the verdict and the motion for judgment as in case of nonsuit entered pursuant to C. S., 567, was properly denied.   The verdict supports the judgment.

The law governing the case is thus stated by *Barnhill, J.,* in *Allen v. Allen,* 213 N. C., 264: "Where parents pool their real estate interests for the purpose of making an equitable partition thereof among their children, and actually partition and allot to each child the share they desire it to have in their real estate, and actually execute and deliver to two of the children a deed for the tract allotted to them jointly, which deed was accepted by the two children with full knowledge of the conditions upon which it was executed, and with the information at the time that it was tendered to them as representing their full interest in the joint real estate holdings of their parents, will the acceptance of such deed by said children estop them from claiming any further interest in the estate of their parents other than personal property which was not then divided?   We answer this question in the affirmative."

The evidence is plenary that the parents of Claude Coward, prior to his death, entered into an agreement to pool their lands and to divide such lands among their seven children, and that pursuant to such agreement they allotted a portion of the lands of his father to their son Claude, and that the said Claude signified his satisfaction with the land allotted to him and his willingness to accept it as his share in his parents' lands, and that the said Claude requested that the deed for his portion be made to his brother, Herman Coward, as he had traded his share in his parents' lands to said Herman for a tract of land in Pitt County, and that the said Herman conveyed land in Pitt County to the said Claude, and that William Coward and his wife, Mary Argent Coward, conveyed the land they had allotted to their son Claude to their son Herman.   These facts are sufficient to estop Claude Coward, were he alive, from asserting any claim in the land of his mother, since the deed

to his brother Herman made at his request and the acceptance by him of a deed from his brother for the Pitt County land were tantamount to a deed made to and accepted by him from his parents for his share in their lands. The defendants, being the sole heirs at law of Claude Coward, deceased, are estopped, as were their ancestor, to assert any claim to a share in the lands of Mary Argent Coward.

The assignments of error relating to the testimony of William Coward, one of the plaintiffs, to the effect that the said William Coward and his wife, Mary Argent Coward, had entered into an agreement to pool their lands and divide them among their children upon the ground that William Coward was "a party interested in the event" and was being examined as a witness against the survivors of a deceased person in violation of C. S., 1795, are untenable, for the reason that it appears from the pleadings and from the evidence that the estate of William Coward in the lands involved would be the same irrespective of which parties prevailed in this action, his interest being a life estate as tenant by the curtesy in any event. William Coward had no interest in the event, that is, he had no legal or pecuniary interest, such as is required by the statute, in the result of the litigation. *Jones v. Emory,* 115 N. C., 158; *Burton v. Styers,* 210 N. C., 230; *Allen v. Allen, supra.*

The assignments of error based upon the fact that the agreement to pool and divide their lands among their children entered into by the parents was not executed in accord with C. S., 2515, are untenable, for the reason that the agreement was not a contract between husband and wife whereby any interest was moving to the husband in the real estate of his wife, which the statute was passed to prevent unless the wife freely and voluntarily assented thereto and was not unreasonably and injuriously affected thereby. The question involved in this case is not whether a contract between husband and wife affecting or changing her real estate is valid, but whether the defendants are estopped by the action of their ancestor in accepting the land allotted him as his share in his parents' lands.

We have examined the other assignments of error relating to the admission and exclusion of evidence, and to certain excerpts from the charge and we are of the opinion that no prejudicial error was committed. The principal questions involved in the case, we think, are settled by *Allen v. Allen, supra.*

No error.