MARY ISABEL TOWE ET AL. v. OLIVER PENLAND ET AL.

(Filed 1 March, 1950.)

**1. Evidence § 43b—**

   In this proceeding for partition, respondent claimed sole ownership upon his contention that he had conveyed petitioner his one-half interest in a lot inherited from his father under an agreement that he was to have the entire use of the *locus* owned by the parties as heirs at law of his mother. *Held:* Testimony of declarations by the mother prior to her death intestate tending to confirm the agreement as contended for by respondent is incompetent as hearsay.

**2. Evidence § 41—**

   The fact that petitioners offer contradictory hearsay evidence does not render competent the hearsay evidence offered by respondents.

APPEAL by petitioners from *Crisp, Special Judge,* September "A" Term, 1949, of BUNCOMBE.

Petition for partition.

It is alleged that Sadie Bartlett Hall died intestate, 28 July, 1948, seized of Lot 13, Block "C" of the Perry Alexander lands, Buncombe County, leaving her surviving the petitioners, Mary Isabel Towe, a daughter, and the respondent, Oliver Penland, a son, as her only heirs at law, who are now seized as tenants in common of said lot of land.

The respondent pleads sole seizin by estoppel by reason of an agreement with his sister in 1944 whereby the respondent conveyed to her and her husband his one-half interest in Lot 12, which they inherited from their father, with the understanding that at their mother's death he would have the whole of Lot 13. No other consideration passed between them. On the strength of this understanding the respondent has placed valuable improvements on Lot 13.

TOWE *v.* PENLAND.

Over objection of petitioners, several witnesses were allowed to state what the deceased, Sadie Bartlett Hall, had related to them as the understanding between her children in respect of the division of the property; that her daughter was to get Oliver's part of Lot 12 and her son was to get the whole of Lot 13 at her death. There was no will or writing to this effect.

For example, Mrs. Ina Bryson testified: "Mrs. Hall told me that she had it fixed so there would not be any fussing at her death; that she just had two children and just had two homes; that she wanted one to have one and the other to have the other home. . . . She said that her son Oliver had signed his part (in Lot 12) to his sister, so that at her death Oliver would get her house." Objection; overruled; exception. Other witnesses were allowed to quote the deceased in similar vein.

The jury returned the following verdict:

"1. Are the petitioners and the respondents owners in fee simple of the lands described in the complaint, as tenants in common? Answer: No.

"2. Was a contract entered into between the petitioners Mary Isabel Towe and her husband, H. E. Towe, and the respondents Oliver Penland and wife, Ruth Penland, and Sadie Bartlett Hall, providing for the disposition and ownership of the property described in the petition, as alleged in respondents' amended answer? Answer: Yes."

From judgment on the verdict, the petitioners appeal, assigning errors.

*George M. Pritchard and George H. Ward for petitioners, appellants.*
*Paul J. Smith for respondents, appellees.*

STACY, C. J. It may be doubted whether any sufficient evidence appeared on the hearing to show that Sadie Bartlett Hall was a party to the agreement between the petitioners and respondents, "providing for the disposition and ownership of the property described in the petition." But however this may be, a new trial seems necessary by reason of the admission of incompetent hearsay evidence from several witnesses who professed to state what the deceased, Mrs. Hall, had related to them as the understanding between her children. This was prejudicial to the cause of the petitioners. Moreover, the record evidence seems to leave no doubt as to the cotenancy.

The fact that petitioners offered contradictory hearsay evidence did not render competent the hearsay evidence offered by the respondents.

The cases of *Allen v. Allen,* 213 N.C. 264, 195 S.E. 801, and *Coward v. Coward,* 216 N.C. 506, 5 S.E. 2d 537, cited by respondents, are not in point as applied to the facts of the instant record. Note, the deceased held no deed to Lot No. 12.

Whether the respondents would be entitled to equitable relief in a different proceeding is not before us for decision.

There are other exceptions worthy of consideration appearing on the record, but as they are not likely to occur on the further hearing we omit any present rulings thereon.

For the errors as indicated, a new trial is ordered.

New trial.