69 S.E.2d 156 (1952)
235 N.C. 56
SANDERSON et al.
v.
PAUL et ux.
No. 668.
Supreme Court of North Carolina.
February 1, 1952.
*158 McKinnon & McKinnon, Lumberton, for plaintiffs, Elsie Mae Sanderson, Zelma Bardo, and Deborah Sutton Paul.
McLean & Stacy, Lumberton, for plaintiff Lillian Paul.
Ellis E. Page, and Varser, McIntyre & Henry, all of Lumberton, for defendants, appellees.
DEVIN, Chief Justice.
The judgment of nonsuit rendered by the court below was predicated upon the ruling that Lillian Paul, party plaintiff, was disqualified by the statute G.S. § 8-51 to testify in her own interest concerning personal transactions or communications between herself and the decedent, against the defendant Horace Paul who is claiming under the deed of the decedent.
This statute, which is a recodification of sec. 590 of the Code, provides in brief that in the trial of an action a party, or person interested in the event, shall not be examined as a witness in his own behalf or interest, against the personal representative of a deceased person or a person deriving his title or interest through or under a deceased person, concerning a personal transaction or communication between the witness and the deceased person, with certain exceptions not pertinent here. G.S. § 8-51.
This statute in its application to a great variety of circumstances and situations has been many times considered by this Court. In Bunn v. Todd, 107 N.C. 266, 11 S.E. 1043, Chief Justice Clark in an opinion written in 1890 analyzed the provisions and effect of this statute, and in a recent opinion written for the Court by Justice Ervin in Peek v. Shook, 233 N.C. 259, 63 S.E.2d 542, a succinct resume of the provisions of the statute was aptly stated. See also Sprinkle v. Ponder, 233 N.C. 312, 64 S.E. 2d 171.
In order to render the testimony of a witness incompetent under this statute it must appear, (1) that he is a party, or interested in the event, (2) that his testimony relates to a personal transaction or communication with the deceased person, (3) against his personal representative or a person deriving title or interest through or under the deceased, and (4) it must also appear that he is testifying in his own behalf or interest. The provision in the present statute last above referred to was added by sec. 590 of the Code of 1883 to sec. 343 of the original Code of Civil Procedure. Hence, when the witness is testifying not in his own behalf or interest, but against his interest, he is not disqualified by the statute. Tredwell v. Graham, 88 N.C. 208; Bunn v. Todd, 107 N.C. 266, 11 S.E. 1043; In re Worth's Will, 129 N.C. 223, 39 S.E. 956; In re Fowler's Will, 159 N.C. 203, 74 S.E. 117; Seals v. Seals, 165 N.C. 409, 81 S.E. 613; Sorrell v. McGhee, 178 N.C. 279, 100 S.E. 434; Price v. Edwards, 178 N.C. 493, 101 S.E. 33; Peek v. Shook, 233 N.C. 259, 63 S.E.2d 542; Stansbury on Ev. § 71. "A witness may always testify against his own interest, regardless of the subject matter of his testimony or his relation to the parties." Stansbury,§ 71. "It is not within the spirit or the letter of the statute, as his own interest is supposed to be a sufficient protection for the opposite party against false or fabricated testimony." Seals v. Seals, supra. Courts are not disposed to extend the disqualification of a witness under the statute to those not included in its express terms. 58 A.J. 177.
In the case at bar the witness Lillian Paul was a party plaintiff. Her excluded testimony related to personal transactions *159 and communications between herself and the decedent, and was against defendant Horace Paul who claimed title under the deed of decedent. But one other element was necessary to complete her disqualification. Was she testifying in her own interest, or was she testifying against her interest? If she was testifying against her interest her testimony was competent.
The testimony of this witness was offered for the purpose of attacking the validity of the deed of Henry Luther Paul. Should the attack prove successful and the deed be set aside, she would become entitled as heir of the decedent to one-fourth undivided interest in the land in fee, subject to the dower right of the widow who is 48 years of age. On the other hand, if the deed be upheld, under the deed she would be entitled to one-half undivided interest in the land, but her title would be a defeasible fee, subject to be divested should she die without children. Her tenure, however, would in any event continue as long as she lived. So that under the deed her interest would be equivalent to that of an unencumbered life estate. She is 41 years of age and unmarried. Having an alternative interest it would seem to follow that the competency of her testimony must depend on which interest predominated. This Court several times has had a similar situation presented in ruling on the competency of testimony under sec. 590 of the Code, now G.S. § 8-51.
In In re Fowler's Will, 159 N.C. 203, 74 S.E. 117, the matter being heard was a caveat to a will on the ground of fraud and undue influence. The witness Rena Jackson was an heir and also a devisee. She was offered to prove transactions and communications with the deceased, and against the will. It was admitted, however, that she would receive less as an heir, if the will was set aside, than she would if it was sustained. The Court said she testified against her interest and was not disqualified by the statute.
In re Worth's Will, 129 N.C. 223, 39 S. E. 956, 957, was also a case involving a caveat to a will. The caveators offered as a witness Mrs. Crocker for the purpose of showing personal transactions and communications with deceased, and against the will which was dated in 1899. In the will she was given a legacy of $2,000. It appeared, however, that there had been a previously executed will in which also she was a legatee but the amount in the former will did not appear. There was no evidence that the former will had been revoked. This Court reversed the ruling of the lower court and held she was testifying against her interest and that her testimony was competent, as the statute excluded testimony only when the witness was testifying in his own behalf. In that case it was urged that as a legatee in both wills without proof of the amount in the former will her testimony should have been excluded in absence of proof that the legacy in former will was smaller. But the Court declared "the witness should have been permitted to testify if the legacy in the former will did not disqualify her. We think, for it to have had that effect, it was necessary that evidence should have been adduced going to show that the legacy in the former will was larger than that given to the witness in the script of 1899, and that was not done."
In Weinstein v. Patrick, 75 N.C. 344, the plaintiff sued the administrator of a deceased grantor and others to set aside an alleged fraudulent conveyance. The grantee in the alleged fraudulent deed, and who had reconveyed to another, was offered as a witness by plaintiff to show transactions and communications with the deceased, against the validity of the deed. The grantee was also a creditor of the estate. It was held the grantee's testimony should have been excluded because as a creditor, if the deed was set aside, he would get his debt and would be testifying in his own interest. It was said in the opinion by Justice Reade that while this witness in his conveyance had warranted the title, so that to that extent his interest would be in support of the deed, "we do not know on which side his interest predominates."
It seems therefore to determine the competency of a witness who has a dual or alternative interest in the event of the action, the Court must decide which of the *160 two interests was the more immediately valuable. The interest which determines the competency of a witness under the statute is a present direct pecuniary interest. Burton v. Styers, 210 N.C. 230, 186 S.E. 248; Helsabeck v. Doub, 167 N.C. 205, 83 S.E. 241, L.R.A.1917A, 1. It is a substantial pecuniary interest in the result. Jones v. Emory, 115 N.C. 158, 20 S.E. 206; Vannoy v. Stafford, 209 N.C. 748, 184 S.E. 482; Allen v. Allen, 213 N.C. 264, 195 S.E. 801. The interest which affects the competency of the witness must be a present interest, a legal pecuniary interest existing at the time the witness is examined. Isler v. Dewey, 67 N.C. 93. A mere sentimental interest or consideration or preference for one party as against the other, not based on some direct pecuniary interest of value, will not affect the question of the qualification of the witness. Jones v. Emory, 115 N.C. 158, 20 S.E. 206; Sutton v. Walters, 118 N.C. 495, 24 S.E. 357; Mutual Life Ins. Co. v. Leaksville Woolen Mills, 172 N.C. 534, 90 S.E. 574; Coward v. Coward, 216 N.C. 506, 510, 5 S.E.2d 537.
To determine this question, the rental value or annual income from the land, and the present market value of the land are material factors. G.S. §§ 8-46, 8-47. Thompson v. Avery County, 216 N.C. 405, 409, 5 S.E.2d 146. No evidence on those points was offered. The burden was not upon the plaintiffs to offer evidence to show that the witness was competent. The general rule established by G.S. §§ 8-49 and 8-50 is that no person offered as a witness shall be excluded on account of interest or because a party to the action, except as otherwise provided. Hence, it was incumbent upon one who challenged the competency of the witness to show disqualification. Here, no evidence was offered to show that the value of the interest the witness would take as heir was greater than that conveyed by the deed, and that she was therefore testifying in her own interest. In re Worth's Will, supra.
The preliminary inquiry into the facts to determine whether the witness was excluded by the statute was one for the judge. His finding on this preliminary question based on the evidence heard by him would determine whether or not her testimony as to personal transactions and communications with deceased should be permitted to go to the jury. The general rule is that it is the province of the judge to determine preliminary questions of fact upon which the admissibility of evidence depends. Avery v. Stewart, 134 N.C. 287, 46 S.E. 519; State v. Fain, 216 N.C. 157, 4 S.E.2d 319; State v. Jordan, 216 N.C. 356, 361, 5 S.E.2d 156; State v. Peterson, 225 N.C. 540, 35 S.E.2d 645; State v. Lee, 127 La. 1077, 54 So. 356; Stansbury on Ev. § 8; 50 Harvard Law Review, 392. Wigmore states the rule as follows: "It follows that, so far as the admissibility in law depends on some incidental question of factthe absence of a deponent from the jurisdiction, the use of threats to obtain confession, the sanity of a witness and the likethis also is for the judge to determine before he admits the evidence to the jury." 5 Wigmore, § 2550.
There was no finding on this point and no evidence upon which to base a finding. While we think there was some evidence offered at the trial in support of plaintiffs' allegations of undue influence, unaffected by G.S. § 8-51, the question of the competency of the witness Lillian Paul, presented by the appeal, and upon which the case was made to turn below, should be ascertained as material to the proper determination of the issues in the case. For this reason we think the judgment of nonsuit should be stricken out, and the case remanded for appropriate proceeding in accord with this opinion.
Reversed.