Brown v. Whitley

B. WALTON BROWN, ADMINISTRATOR OF THE ESTATE OF RUTH ANN FRANCE v. COLON LOUIE WHITLEY AND PUGH OIL COMPANY, INC.

No. 7119SC540

(Filed 15 September 1971)

1. Evidence § 11— dead man's statute — personal transaction — collision between two vehicles

A collision between a tractor-trailer operated by defendant and the automobile operated by plaintiff's intestate was not a "personal transaction" within the meaning of the dead man's statute, G.S. 8-51, and that statute did not prohibit defendant from testifying as to how the collision occurred.

2. Evidence § 11— dead man's statute — collision between two vehicles — testimony by one defendant in support of second defendant's counterclaim

In this action to recover damages resulting from a collision between an automobile operated by plaintiff's intestate and a tractor-trailer driven by one defendant and owned by the second defendant, the dead man's statute did not prohibit defendant driver from testifying as to the collision in support of defendant owner's counterclaim for damages to its tractor-trailer.

3. Trial § 17—. testimony incompetent against one party — restricted admission

·. Testimony competent as to one party should not be excluded by virtue of G.S. 8-51 because it is not competent against another party in the suit, but its admission should be limited by proper instructions.

4. Automobiles § 53— driving on wrong side of road

Defendants' counterclaims should have been submitted to the jury where their evidence tended to show that the automobile driven by plaintiff's intestate crossed the center line into defendants' lane and struck defendants' oncoming tractor-trailer.

APPEAL by defendants from *Gambill, Judge,* 5 April 1971 Session of RANDOLPH Superior Court.

The original plaintiff, Ruth Ann France (decedent), instituted this action to recover for personal injuries and property damage allegedly sustained by her in a collision between an automobile owned and operated by her and a tractor-trailer owned by defendant Pugh Oil Company, Inc. (defendant Pugh), and operated by its agent and employee defendant Whitley. After the pleadings were filed, decedent committed suicide and the administrator of her estate was substituted as plaintiff and adopted the pleadings. By counterclaims in their answer, de-

fendant Whitley sought recovery for personal injuries and defendant Pugh sought recovery for property damage.

Plaintiff's evidence tended to show: The collision occurred 4.8 miles south of Greensboro on U.S. Highway No. 220. Decedent was driving her car in a northerly direction on the two-lane highway and defendant Whitley was traveling in a southerly direction. After the collision the vehicles came to rest on a curve which bears to the left if traveling in a southerly direction, the tractor-trailer on its right hand side of the road. Except for the two drivers there were no eye witnesses to the collision. There was a deep indention in the pavement some 75 to 100 feet from the rear of the tractor-trailer. There was a mist-type rain, and the pavement was wet. Decedent's automobile was upright, down an embankment and the tractor-trailer was lying on its side. Decedent's automobile was damaged in the front and the tractor-trailer was damaged in the left front and top.

At the close of plaintiff's evidence, defendants moved for a directed verdict on the ground that plaintiff had failed to show any evidence of negligence on the part of either defendant which could have been the proximate cause of any injuries or damages sustained by decedent. The court did not rule on the motion at that time.

As a material part of their evidence, defendants attempted to show by testimony of defendant Whitley their version as to how the collision occurred, but the court on plaintiff's objection excluded the testimony as being violative of G.S. 8-51. The testimony was given for the record in the absence of the jury and tended to show: The collision occurred on the curve above mentioned. Although defendant Whitley turned his wheels to his right and "took the shoulder" in an effort to prevent the collision, decedent crossed the center line into defendant's lane and struck the tractor. Defendant Whitley did not leave his right hand side of the highway at any time and received no warning that decedent's vehicle would not remain in its lane. The vehicles made contact after decedent crossed the center line of the highway at which time the right front wheel of the tractor was on the west shoulder of the highway.

Defendants introduced evidence of defendant Whitley's employment, experience, and injuries together with the route

he had followed prior to the collision; evidence as to damage to the tractor-trailer was also admitted. At the close of defendants' evidence, plaintiff moved for a directed verdict on the counterclaims on the grounds that defendants failed to show actionable negligence on the part of decedent. The court thereupon allowed defendants' motion for a directed verdict on plaintiff's claim and plaintiff's motion for directed verdict on defendants' counterclaims. From judgment dismissing their actions, defendants appealed.

*Smith & Casper by Archie L. Smith for plaintiff appellee.*

*Moser and Moser by Thad T. Moser and Perry C. Henson and Daniel W. Donahue for defendants appellants.*

BRITT, Judge.

[1] In their first assignment of error defendants contend the court erred in excluding the testimony of defendant Whitley concerning the collision on the ground that said testimony violated G.S. 8-51, commonly referred to as the dead man's statute. The portion of the statute pertinent to this case provides that "(u)pon the trial of an action * * * a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against the * * administrator * * of a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person * * * . " Was the collision between the tractor operated by defendant Whitley and the automobile operated by decedent a "personal transaction" within the meaning of G.S. 8-51? We hold that it was not.

We are aware that our Supreme Court has held that two occupants of the same automobile are engaged in a "personal transaction" thereby rendering incompetent the testimony of one against the personal representative of the other's estate. *Tharpe v. Newman*, 257 N.C. 71, 125 S.E. 2d 315 (1962); *Davis v. Pearson*, 220 N.C. 163, 16 S.E. 2d 655 (1941); *Boyd v. Williams*, 207 N.C. 30, 175 S.E. 832 (1934). We are also aware of the 1967 amendment to G.S. 8-51 which provides: "Nothing in this section shall preclude testimony as to the identity of the deceased operator of a motor vehicle in any case brought against the deceased's estate arising out of the operation of a motor vehicle in which the deceased is alleged to have been the opera-

tor or one of the operators involved." But the case at bar presents an entirely different proposition as the Supreme Court indicated in *Carswell v. Greene,* 253 N.C. 266, 116 S.E. 2d 801 (1960) when Justice Higgins speaking for the court said: "The decisions of this Court have gone a long way in excluding evidence of a surviving passenger in his action against the estate of the deceased driver based on driver negligence. Our cases, however, have never gone so far as to exclude the evidence of a survivor as to what he saw with respect to the operation of a separate vehicle with which he had a collision."

We think this case is analogous to *Hardison v. Gregory,* 242 N.C. 324, 88 S.E. 2d 96 (1955). *Hardison* was an action for alienation of affections and criminal conversation by a husband against the administrators of the alleged tort-feasor. Plaintiff testified that when he unexpectedly returned to his home one night he found the deceased standing in the living room of the unlighted house, and that on two other occasions he saw his wife and the deceased alone at farm cabins; the court held the evidence competent as testimony of independent facts. In the opinion, written by Parker, Justice (later Chief Justice), we find:

> Apparently we have no case directly on all fours, but we have a number of cases that sustain the proposition that G.S. 8-51 does not prohibit an interested party from testifying as to the acts and conduct of the deceased, where the interested party is merely an observer—in other words as to independent facts based upon independent knowledge, not derived from any personal transaction or communication with the deceased. (Numerous citations.)

> \*        \*        \*

> Our cases hold that an interested party is not prohibited by G.S. 8-51 from testifying concerning his independent acts. (Citations.)

> \*        \*        \*

> It is to be noted that plaintiff gave no testimony as to any words spoken on the three occasions. Applying the principles of law stated above to the facts, we conclude that the plaintiff was competent to testify as to what he saw the deceased Bonnie M. Gregory do and his conduct

on the three occasions set forth, because he was testifying as to independent facts based upon independent knowledge, not derived from any personal transaction or communication with the deceased.

In *Hardison,* the court has distinguished between acts done *with* a deceased person and acts done *in observing* such a person thereby putting the emphasis on the "personal relationship" of the parties. Any acts done in observation of a deceased person apparently are considered "independent acts" and not within the statutory exclusion.

In the instant case the acts of two independent drivers, total strangers to each other up to the point of impact, cannot be said to be acts done *with* a deceased person but are acts done *in observation of* a deceased person, thus, testimony as to these acts are not excluded by G.S. 8-51. Defendant Whitley would not be prevented from describing the conduct and movements of the deceased's car by the phrase "concerning a personal transaction" when the movements were quite independent and apart from, and in no way connected with, or prompted or influenced by reason of, the conduct of the party testifying. 58 Am. Jur., Witnesses, § 250. This view has been adopted by a number of other jurisdictions in the following cases: *Harper v. Johnson,* 345 S.W. 2d 277 (Tex. 1961); *Knoepfle v. Suko,* 108 N.W. 2d 456 (N.D. 1961); *Gibson v. McDonald,* 265 Ala. 426, 91 So. 2d 679 (1956); *Turbot v. Repp,* 247 Iowa 69, 72 N.W. 2d 565 (1955); *Shaneybrook v. Blizzard,* 209 Md. 304, 121 A. 2d 218 (1956); *Christofiel v. Johnson,* 40 Tenn. App. 197, 290 S.W. 2d 215 (1956); *Rankin v. Morgan,* 193 Ark. 751, 102 S.W. 2d 552 (1937). Considering the fact that the only relationship between defendant Whitley and decedent was the impact of their vehicles, in light of the distinctions projected in *Hardison v. Gregory, supra,* and other authorities cited, we conclude that such a collision is not a personal transaction within the meaning of the term, and G.S. 8-51 is not applicable to the testimony of the surviving driver in a two vehicle collision.

[2] There is an additional reason why the excluded testimony was competent as to defendant Pugh's counterclaim. Assuming that the testimony was inadmissible as to defendant Whitley because of the "personal transaction" portion of the statute, this would not have made it incompetent as to defendant Pugh. We would then be confronted with another portion of the

Brown v. Whitley

statute requiring an answer to this question: Was defendant Whitley, employed by defendant Pugh as a truck driver, "interested in the event"—the collision— to the extent that he was disqualified to testify with respect to the collision as a witness for defendant Pugh? We hold that he was not.

To be disqualified as a "person interested in the event" the witness must have a direct legal or pecuniary interest in the outcome of the litigation. *Allen v. Allen,* 213 N.C. 264, 195 S.E. 801 (1938); *Price v. Askins,* 212 N.C. 583, 194 S.E. 284 (1937); *Burton v. Styers,* 210 N.C. 230, 186 S.E. 248 (1936). As to defendant Pugh, defendant Whitley did not have such an interest. Assuming a collision between two motor vehicles is a "transaction" within the meaning of the statute, it has been held that one who has acted as an agent for a third person in a transaction with a person since deceased, is ordinarily competent to testify to conversations or transactions of the decedent. 97 C.J.S., Witnesses, § 180.

Analogous to this case is *Smith v. Perdue,* 258 N.C. 686, 129 S.E. 2d 293 (1963) in which a husband and his wife filed separate suits for personal services rendered decedents. The suits were tried together and in an opinion by Sharp, Justice, we find:

> Over objection, each plaintiff testified for the other. This was permissible procedure and defendant's assignments of error to the evidence thus elicited are not sustained. We have consistently held that in actions of this kind the relationship of husband and wife does not render the testimony of one for the other incompetent under G.S. 8-51. *Burton v. Styers,* 210 N.C. 230, 186 S.E. 248; *Bank v. Atkinson,* 245 N.C. 563, 96 S.E. 2d 837.

[3] The "courts are not disposed to extend the disqualification of a witness under the statute to those not included in its express terms." *Sanderson v. Paul,* 235 N.C. 56, 59, 69 S.E. 2d 156, 158 (1952). When there is more than one defendant, testimony which is competent as to one party should not be excluded by virtue of G.S. 8-51 because it is not competent against another party in the suit; the testimony should be limited by proper instructions. *Lamm v. Gardner,* 250 N.C. 540, 108 S.E. 2d 847 (1959).

[4]   Defendants' remaining assignment of error relates to the granting of plaintiff's motion for a directed verdict as to defendants' counterclaims on the ground that defendants failed to show sufficient evidence of actionable negligence on the part of decedent. In allowing the motion, the court did not consider the excluded testimony hereinbefore referred to. Having held that the excluded evidence was admissible, we hold that it, together with other evidence presented, was sufficient to make out a case on defendants' counterclaims.

For the reasons stated, the portions of the judgment allowing plaintiff's motion for directed verdicts and dismissing the counterclaims are

Reversed.

Judges MORRIS and PARKER concur.