PER CURIAM.                                *Venire de novo.*


T. J. MERONEY *v.* ALPHONSO C. AVERY, Executor, &c.

Objections to the competency of testimony, must be taken in due time, if not, they are waived; *Therefore,* where a party was allowed to testify upon examination in chief, to a conversation between himself and the defendant's testator, and during the cross-examination, the defendant objected to the competency of such testimony, and asked that it might be excluded; *Held,* that although incompetent, the objection to its reception came too late.

(*Whitesides* v. *Green, ante* 307, cited and approved.)

ASSUMPSIT, tried before *Cloud, J.,* at Fall Term 1869 of ROWAN Court.

Upon the trial, the plaintiff was introduced and testified, without objection, as to a conversation between himself and the testator in regard to the cause of action; upon his cross-examination he was asked if he were not plaintiff, and if Isaac T. Avery, the testator of the defendant, were not dead. Upon his answering in the affirmative, the defendant objected to the competency of his evidence as to the conversation.

His Honor held that all objection had been waived, and refused to exclude it.

Afterwards the defendant testified in regard to the same conversation.

STATE *ex rel.* PEOPLES *v.* MAXWELL, Adm'r. &c. *et al.*

Verdict for the plaintiff.   Rule, &c.   Judgment and Appeal.

*Craige and Bailey,* for the appellant.
*Boyden, Blackmer & McCorkle and Clement, contra.*

RODMAN, J.   The plaintiff was an incompetent witness to any transaction or communication with the testator of the defendant: C. C. P. § 343 ; *Whitesides* v. *Green, Admr.* decided at this term: but the objection was waived, by not being taken in due time.   An objection must be taken as soon as its existence becomes known: 1 Stark. Ev. 114; 1 Greenl. Ev. 461.   The introduction of the defendant afterwards cannot affect this case.

PER CURIAM.                              Judgment affirmed.