IN THE MATTER OF THE ESTATE OF ANNIE MAE G. ETHERIDGE,
DECEASED

No. 761SC881

(Filed 6 July 1977)

1. **Appeal and Error § 7; Wills § 61— judgment as to husband's intestate share — husband's executor as aggrieved party**

   Where decedent's husband dissented from her will prior to his own death, and the husband's executor was substituted for the husband in an action to determine the validity of a provision of the wife's will and to obtain partition, the husband's executor was an aggrieved party who could appeal from a judgment determining that devises which lapsed as a result of the dissent should be first used to satisfy the husband's intestate share, since the husband's estate was a beneficiary of the wife's estate and was thus aggrieved by the judgment.

**2. Wills § 61— dissent to will — consideration of will in allocating intes-
tate share** ·

 Where a husband dissented from his wife's will, the court prop-
erly considered provisions of the wife's will in allocating the hus-
band's intestate share and properly ruled that specific devises which
lapsed as a result of the dissent should be the first properties used
to satisfy the husband's intestate share.

 · APPEAL by petitioner from *Small, Judge.* Judgment and
order entered 9 August 1976. Heard in the Court of Appeals 10·
May 1977.

 On 18 January·1975, Annie Mae G. Etheridge died testate
leaving surviving her husband, Doc Etheridge, Sr., and three
children, Ray, Fred and Doc Etheridge, Jr. In her will, which
was probated on 30 January 1975, she devises her homeplace
and farm, known as the Shaw Farm, to her husband for life,
subject to the right of her son Ray Etheridge to occupy the
house jointly with her husband. Upon Doc Etheridge, Sr.'s death,
the will provides that the dwelling house and curtilage, the pas-
ture, and the contents of the house are to pass to Ray in fee.
The lot where a grain dryer and barn are located passes to
Doc Etheridge, Jr. for life and then to his sons Joe and Owen
Etheridge in fee. The rest of the farm passes to Ray and Fred
Etheridge in fee. The will disposes of Mrs. Etheridge's other
real and personal property among her three sons, her husband,
and her grandchildren.

 One of the items in the will, Item X, provides that if Doc
Etheridge, Sr. dissents from the will then all property devised
or bequeathed to Doc Etheridge, Jr., Joe or Owen shall go to
Ray and Fred instead. On 4 February 1975, Doc Etheridge, Sr.
filed a notice of dissent from the will. He then petitioned the
court for a determination as to whether he was entitled to dis-
sent and for a partition of the real property owned by Mrs.
Etheridge if it was determined that he did have a right to
dissent. Doc Etheridge, Jr., his wife, and his sons Joe and Owen
counterclaimed for a declaratory judgment as to the validity of
Item X of the will. On 15 November 1975, Doc Etheridge, Sr.
died and on 24 November 1975 his executor, Doc Etheridge, Jr.,
was substituted as petitioner.

 Appellee respondents (Fred and his wife Mary Etheridge
and Ray Etheridge individually and in his capacitiy as executor
of Annie Mae G. Etheridge's estate) moved for summary judg-

ment. The trial court then entered summary judgment holding that Item X of the will was valid and that Doc Etheridge, Jr., Joe, and Owen were not entitled to anything under the will. In addition, the court held that commissioners should be appointed to partition Mrs. Etheridge's property and to allocate Doc Etheridge, Sr.'s intestate share. The court also held that the tracts devised to Doc Etheridge, Jr., Joe, and Owen should be the first tracts set aside for the purpose of determining which tracts should be used to comprise the intestate share. The present appeal relates to this ruling. Doc Etheridge, Jr., as executor of the estate of Doc Etheridge, Sr., the substituted petitioner filed notice of appeal.

*Twiford, Seawell, Trimpi & Thompson, by Russell E. Twiford and John G. Trimpi, for the petitioner appellant.*

*White, Hall, Mullen & Brumsey, by Gerald F. White, for the respondent appellees.*

MARTIN, Judge.

Petitioner does not contest the trial court's ruling that Item X of the will was valid. He does, however, contend that the court erred in concluding that the intestate share of Doc Etheridge, Sr. should first be satisfied from the lands devised to Doc Etheridge, Jr. and his sons, Joe and Owen.

[1]   At the threshold of our considerations in this case, we are confronted with the question of whether a real party in interest was substituted in this action when Doc Etheridge, Sr. died. Every action must be prosecuted in the names of the real party in interest. G.S. 1-57.

If, as in the case at bar, there is a death of a party to an action, then G.S. 1A-1, Rule 25 (a) provides for a substitution of parties. It requires the substitution of either a personal representative *or* a successor in interest. In deciding whether to substitute a personal representative, or a successor in interest, or both, it is of course necessary to be certain that the substituted party is a real party in interest. G.S. 1-57. In the instant case, the original petitioner, Doc Etheridge, Sr., died on 15 November 1975. The executor of his estate, Doc Etheridge, Jr., was then substituted as the petitioner while no effort was made to substitute his successors in interest, the beneficiaries under his will.

We caused a certified copy of the will of Doc Etheridge, Sr. to be sent up and made a part of the record in the case at bar. In the will, all the real property of the testator is devised to Doc Horace Etheridge, Jr.

Upon filing his dissent to the will, Doc Etheridge, Sr. became vested, as of the date of testatrix's death, with title to that part of her real property allowed him by statute as surviving spouse. We do not agree with appellees that the appeal should be dismissed on the ground that appellant is not aggrieved. Appellees cite the case of *Bank v. Melvin*, 259 N.C. 255, 130 S.E. 2d 387 (1963) as support for their position. In that case, the executor of Adam Melvin's estate brought forth an appeal concerning the court's distribution of *his* estate following his wife's dissent from his will. Our Supreme Court held that the executor was not aggrieved by the superior court's judgment and could not appeal. In the case at bar, however, Doc Etheridge, Sr.'s wife predeceased him and his estate was a beneficiary from her estate. As such, his estate was aggrieved by the judgment, and it was entitled to appeal through its executor, Doc Etheridge, Jr.

[2] G.S. 30-3(a) provides that a dissenting spouse takes the same share of the deceased spouse's property as if the deceased had died intestate. Under G.S. 29-14(2) the intestate share in the instant case includes "a one third undivided interest in the real property." Appellants argue that the provisions of the will should not be given any consideration. They contend that the dissenting spouse takes his interest in the decedent's property in spite of the will, not under the will, and there is no reason why the language of the will should be controlling. We disagree.

Under *Trust Co. v. Waddell*, 234 N.C. 454, 67 S.E. 2d 651 (1951), when a surviving spouse dissents from a will, the intestate share should be allocated so as to cause the least possible disruption of the decedent's plan for the distribution of his estate. In partitioning testatrix's property, her will should be given consideration, and insofar as possible the beneficiaries of the will should receive the property testatrix intended for them to receive. Item XI of the will plainly indicates that testatrix's primary intent in disposing of her estate was to give the Shaw Farm to Fred and Ray. She also intended to give Doc Etheridge, Sr. a life estate in the farm, but Items X and XI establish that the gift to Fred and Ray was of more importance to her than the gift to her husband.

G.S. 29-14 does not purport to give the dissenting spouse the right to select the particular property he or she will receive in opposition to the dominant intent expressed in the will. The dominant intent expressed in the will is still controlling so long as it can be carried out and leave the dissenting spouse with the prescribed fractional interest in value in the estate.

Following the settled principle that the will shall be so construed that the dissent shall effect the devisees to the least possible degree and the general scope or plan of distribution be carried out and effectuated so far as possible, we hold that the specific devises, which lapsed as a result of the dissent, should be the first properties used to satisfy the intestate share belonging to the estate of Doc Horace Etheridge, Sr. The trial court so provided and his judgment is affirmed.

We have reviewed defendant's remaining assignments of error and find them to be without merit.

Affirmed.

Judges BRITT and PARKER concur.