E. RAY ETHERIDGE, Executor of the Estate of ANNIE MAE G. ETHERIDGE, Deceased v. DOC HORACE ETHERIDGE, JR., Executor of the estate of DOC HORACE ETHERIDGE, SR., Deceased, and DOC HORACE ETHERIDGE, JR., Individually

No. 781SC342

(Filed 1 May 1979)

1. **Evidence § 11— action to recover rental value of land—Dead Man's Statute**

    In an action by the executor of testatrix to recover the reasonable rental value of farmland for the year prior to testatrix' death, an affidavit by defendant who had rented and cultivated the land concerning the amount of land involved and the agreed rental price was inadmissible because of the Dead Man's Statute, G.S. 8-51; however, the trial court erred in excluding an affidavit by defendant's son concerning the rental contract since the son was not a party to the action or a person interested in the event of the action, nor was he testifying in his own behalf or that of a party succeeding to his interest, nor was he testifying as to a personal transaction or communication between himself and the deceased.

2. **Executors and Administrators § 8— action to recover rental value of land—summary judgment improper**

    In an action by plaintiff executor to recover the reasonable rental value of testatrix' farmland which was rented and cultivated by defendant, the son of testatrix, the trial court erred in granting partial summary judgment for plain-

tiff where interrogatories to and answers of defendant, to which plaintiff made no objection, raised genuine issues of material fact as to whether there was an express contract for the rental of the farm at $30 per acre and as to whether the estate of testatrix' husband was liable to plaintiff for any rent money received by the husband from defendant son.

APPEAL by defendants from *Cowper, Judge.* Judgment entered 12 December 1977 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 29 January 1979.

E. Ray Etheridge and defendant Doc Horace Etheridge, Jr. (Doc, Jr.) are brothers. Annie Mae G. Etheridge (Annie) and Doc H. Etheridge, Sr. (Doc, Sr.) are the parents of E. Ray Etheridge and Doc, Jr. Annie died testate 18 January 1975. Doc, Sr. dissented from Annie's will 4 February 1975. Doc, Sr. died testate 15 November 1975.

Plaintiff sued to recover the reasonable rental value of 297 acres of farmland in Currituck County for the year 1974. Doc, Jr. had rented and cultivated Annie's land for several years prior to 1974. Doc, Jr. admitted he had cultivated and rented farmland owned by Annie, but denied that the amount of land was as much as plaintiff alleged. Doc, Jr. claimed the agreed rental for the land was $30 per acre and that it had been paid in full.

Alternatively, plaintiff sued the estate of Doc, Sr., pleading that if $30 per acre rental was paid by Doc, Jr. to Doc, Sr. before his death, the estate of Doc, Sr. must account to plaintiff for the rent paid.

Plaintiff moved for summary judgment and offered his verified complaint. Defendants' answer was unverified. Defendants offered an affidavit to verify the answer. The court refused to allow this affidavit. Defendants further offered the affidavit of James Owen Etheridge (Owen), son of Doc, Jr., concerning the existence of an express contract for rental of the farmland. This affidavit was also refused by the court. The parties stipulated that plaintiff timely objected to the affidavits and the objections were sustained based upon N.C.G.S. 8-51, the "Dead Man Statute." The court also had before it the interrogatories to, and answers of, Doc, Jr. The record contains no objections by any party to the admission of the interrogatories.

Partial summary judgment was granted plaintiff on all issues except damages, based upon the fair rental value of the farmland. The judgment established that Doc, Jr. had not paid rent as he alleged; rental of the land was not to be $30 per acre, but was to be the fair rental; all land alleged in the complaint was to be included in determining damages. Defendants appeal.

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and John H. Hall, Jr., for plaintiff appellee.*

*Twiford, Trimpi & Thompson, by John G. Trimpi, for defendant appellants.*

MARTIN (Harry C.), Judge.

The Supreme Court in *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979), held the order of the trial court allowing plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, and denying defendant's motion for summary judgment, is not appealable. The same procedure appears to be involved in the case at bar. However, this appeal was argued 29 January 1979, prior to the filing of *Industries, supra.* We therefore treat the appeal as a petition for certiorari, allow the petition, and consider the questions presented.

[1]   Defendants argue the court erred in holding the affidavits offered were inadmissible because of the Dead Man Statute. N.C. Gen. Stat. 8-51. This statute prohibits a party, or interested person, from testifying in his own interest against the personal representative of a deceased person about a personal transaction or communication between the witness and the deceased. To determine whether testimony is incompetent under N.C.G.S. 8-51, these four questions must be answered affirmatively:

1. Is the witness (a) a party to the action, or (b) a person interested in the event of the action, or (c) a person from, through or under whom such a party or interested person derives his interest or title?

2. Is the witness testifying (a) in his own behalf or interest, or (b) in behalf of the party succeeding to his title or interest?

3. Is the witness testifying against (a) the personal representative of a deceased person, or (b) the committee of a lunatic, or (c) a person deriving his title or interest from, through or under a deceased person or lunatic?

4. Does the testimony of the witness concern a personal transaction or communication between the witness and the deceased person or lunatic?

*Peek v. Shook,* 233 N.C. 259, 261, 63 S.E. 2d 542, 543 (1951); *Brown v. Green,* 3 N.C. App. 506, 165 S.E. 2d 534 (1969).

Applying the above standards to the answer of defendants, it was not admissible as evidence, even if verified.

The affidavit of Owen contained testimony that the farm rental was set at $30 per acre; his father, Doc, Jr., did not have to pay that amount on land that he cleared; rental could be paid to the grandfather; his grandmother, Annie, knew the rent for 1974 had been paid, and she did not mind her husband holding and cashing the rent checks.

Owen is the son of Doc, Jr. and the grandson of Annie Mae G. Etheridge and Doc Etheridge, Sr. Owen was entitled to nothing under his grandmother's will. *In re Etheridge,* 33 N.C. App. 585, 235 S.E. 2d 924, *dis. rev. denied,* 293 N.C. 253, 237 S.E. 2d 535 (1977). In Doc, Sr.'s will, Owen is a legatee as a member of the class, "grandchildren living at the time of my death." As such, he is entitled to share the cash residuary of this estate after specific bequests, debts, and expenses have been paid.

In this case, the affidavit of Owen was admissible. Owen is not a party to this action, nor is he a person interested in the event of the action. A person interested in the event of an action must have a "direct legal or pecuniary interest" in the outcome of the litigation. *Burton v. Styers,* 210 N.C. 230, 231, 186 S.E. 248, 249 (1936). The amount of money in the grandfather's estate may be enhanced by this lawsuit, thereby affecting how much, if anything, Owen will take. Although Owen's interest is pecuniary, it is not direct and is too remote and speculative to constitute a direct pecuniary interest. Owen's interest will not be affected by the outcome of this litigation. He will be entitled to take under his grandfather's will no matter what the outcome of this action. His legal rights will not be determined in this lawsuit. Even if

defendants are successful in this action, it is possible that after payments of debts and specific bequests, there would be no residuary cash for the grandchildren. Owen is not testifying in his own behalf or that of a party succeeding to his interest. Further, Owen, except for paragraph 4 of the affidavit, is not testifying as to a personal transaction or communication between himself and the deceased. A personal transaction or communication within the purview of the statute is anything done or said between the witness and the deceased tending to establish the claim against the personal representative of the deceased person. *Peek v. Shook, supra.* Since all four questions for determining the incompetency of Owen as a witness under N.C.G.S. 8-51 cannot be answered affirmatively, his affidavit should have been admitted at the summary judgment hearing.

[2]   The affidavit of Owen raises a genuine issue of material fact in the suit between the plaintiff and the defendant Doc Etheridge, Jr., individually, as to whether there was an express contract for the rental of the farm at $30 per acre. The affidavit also raises a genuine issue of material fact in the suit between the plaintiff and the defendant Doc Etheridge, Jr., executor of the estate of Doc Etheridge, Sr., as to whether the estate of Doc Etheridge, Sr. is liable to the plaintiff for any rent money received from Doc, Jr.

At the summary judgment hearing, the court had before it plaintiff's interrogatories to Doc, Jr. and his sworn answers. None of the parties objected to the admission or consideration by the court of this evidence. In order to have the benefit of N.C.G.S. 8-51, a party must lodge a proper objection at the time the incompetent testimony is offered. *Smith v. Allen*, 181 N.C. 56, 106 S.E. 143 (1921); *Meroney v. Avery*, 64 N.C. 312 (1870). The objecting party has the burden of establishing the incompetency of the evidence. *Sanderson v. Paul*, 235 N.C. 56, 69 S.E. 2d 156 (1952).

By this evidence Doc, Jr. states he did not farm all of Annie's cleared land; he farmed 223.1 acres, rather than the 297 acres alleged by plaintiff; that he has the cancelled check dated 30 December 1974 payable to D. H. Etheridge, Sr. for $6113.34; the farmland was rented directly from his father as Annie's agent with her full knowledge, approval, and acquiescence.

This evidence controverts the evidence contained in plaintiff's complaint used as an affidavit. Genuine issues of material facts are raised.

There being genuine issues of material facts, the order for partial summary judgment was improvidently granted.

The order granting partial summary judgment is

Reversed.

Chief Judge MORRIS and Judge CARLTON concur.