SHIRLEY GILBERT ISENHOUR, ADMINISTRATRIX OF THE ESTATE OF CONLEY BRUCE ISENHOUR; SHIRLEY GILBERT ISENHOUR, INDIVIDUALLY; AND JERRY ISENHOUR v. HILLIS W. ICENHOUR AND KENNETH H. ICENHOUR, CO-ADMINISTRATORS OF THE ESTATE OF DEWEY R. ISENHOUR

No. 8425SC208

(Filed 18 December 1984)

1. **Tenants in Common § 3— cotenancy—accounting for rents**

　　　By virtue of their cotenancy with defendants' predecessor, plaintiffs are entitled to an accounting for rents received from the property by defendants' predecessor.

2. **Payment § 4; Rules of Civil Procedure § 8.2— burden of pleading and proving payment**

　　　The burden is upon the party contending payment to plead and prove payment.

3. **Evidence § 11.5— cotenancy—accounting for rents—dead man's statute—affidavit by lessee**

   In an action against the estate of a deceased cotenant to recover one-half of the rents received from cotenant property, the lessee of the property was not "a person interested in the event" within the purview of the dead man's statute, G.S. 8-51, and the lessee's affidavit that he had paid the deceased cotenant $1,000.00 each month in rental fees for use of the cotenancy property was admissible in a summary judgment hearing.

4. **Rules of Civil Procedure § 56— summary judgment—lessee's affidavit not suspect**

   In an action against the estate of a deceased cotenant to recover one-half of the rents received from cotenant property, the lessee of the property did not have an interest in the litigation so as to raise an issue as to the credibility of the lessee which would preclude summary judgment based on his affidavit.

5. **Rules of Civil Procedure § 8.2; Waiver § 3— waiver of rights—necessity for pleading**

   A defense based upon waiver of rights by the plaintiff is an affirmative defense which must be pled by defendants, and where the defense of waiver was neither pled nor raised at the hearing on a motion for summary judgment, it was not properly before the appellate court in an appeal from summary judgment.

APPEAL by defendants from *Ferrell, Judge.* Judgment entered 14 November 1983 in Superior Court, CALDWELL County. Heard in the Court of Appeals 25 October 1984.

*Tate, Young, Morphis, Bogle, Boch & Farthing by E. Murray Tate, Jr., for the plaintiff appellees.*

*Ted G. West for the defendant appellants.*

BRASWELL, Judge.

Defendants appealed from an order granting summary judgment to the plaintiffs on their complaint seeking one-half of the rents received on property owned as tenants in common by the plaintiffs' predecessor in interest, Conley Bruce Isenhour, and Dewey R. Isenhour. Defendants argue that the plaintiffs have failed to present sufficient admissible evidence to entitle them to summary judgment. We disagree and affirm the trial court's determination.

By their claim the plaintiffs seek to recover from the defendants, the co-administrators of the Estate of Dewey R. Isenhour, one-half of the rents received by Dewey R. Isenhour from Janu-

ary 1978 until January 1982 for property owned as tenants in common by Dewey R. Isenhour and Conley Bruce Isenhour, the husband and father of the plaintiffs. The defendants answered denying the material allegations of the complaint. On 30 June 1983 plaintiffs filed a motion for summary judgment supported by joint affidavits of the plaintiffs and an affidavit of David G. Cox, the *lessee* of the property. (Emphasis added.) At the hearing on the plaintiffs' motion the defendants filed a memorandum of law objecting to the introduction of the affidavits on the grounds that they were inadmissible under G.S. 8-51, the dead man statute. At the hearing the court excluded the affidavits of the plaintiffs but considered the affidavit of Mr. Cox.

The Cox affidavit stated *inter alia* that from January 1978 until January 1982 he paid Dewey R. Isenhour the sum of $1,000.00 each month in rental fees for use of the cotenancy property. No counteraffidavits were submitted and no oral evidence was presented. Based upon the proof submitted, the trial court entered judgment for the plaintiffs for $13,500.00. From this judgment, the defendants appealed.

**[1, 2]** Defendants first contend that the plaintiffs have failed to offer any admissible evidence that Dewey R. Isenhour had failed to pay one-half of the rents received to the plaintiffs. In order to be entitled to summary judgment under G.S. 1A-1, Rule 56, a party must show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). The plaintiffs by virtue of their cotenancy with the defendants' predecessor are entitled to an accounting for the rents received from the property. *See Etheridge v. Etheridge*, 41 N.C. App. 44, 255 S.E. 2d 729 (1979). G.S. 1A-1, Rule 8(c) of the North Carolina Rules of Civil Procedure provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . payment." The burden is upon the party contending payment to plead and prove payment. *Recreatives, Inc. v. Motorcycles Co.*, 29 N.C. App. 727, 225 S.E. 2d 637 (1976). This the defendants have failed to do. There is, therefore, no genuine issue of material fact as to whether payment has been made and plaintiffs are entitled to prevail on this issue. The assignment of error is overruled.

**[3]** Next, defendants contend that summary judgment was improperly entered because there was no admissible evidence that

Dewey R. Isenhour had received any payment of rent for the co-tenancy property. The gravamen of the defendants' argument is that David Cox's affidavit was improperly admitted in violation of G.S. 8-51, the dead man statute. In order for evidence to be barred by the dead man statute each of the following four questions must be answered affirmatively:

> (1) Is the witness (a) a party to the action, or (b) a person interested in the event of the action, or (c) a person from, through or under whom such a party or interested person derives his interest or title?

> (2) Is the witness testifying (a) in his own behalf, or (b) in behalf of the party succeeding to his title or interest?

> (3) Is the witness testifying against (a) the personal representative of a deceased person or, (b) the committee of a lunatic, or (c) a person deriving his title or interest from, through or under a deceased person or lunatic?

> (4) Does the testimony of the witness concern a personal transaction or communication between the witness and the deceased person or lunatic?

*Etheridge v. Etheridge*, 41 N.C. App. 39, 41-42, 255 S.E. 2d 735, 737-38 (1979).

Defendants argue that David Cox, the lessee, was a person interested in the outcome of the case and was testifying in his own behalf. We disagree. "A person interested in the event of an action must have a 'direct legal or pecuniary interest' in the outcome of the litigation. (Citation omitted.)" *Id.* at 42, 255 S.E. 2d at 738. We are unable to discern any such interest on the part of David Cox because regardless of the outcome of this action, he will not be affected. Our conclusions are bolstered by this Court's holding in *Etheridge* that a grandchild who was the residual legatee of one of the estates involved in the lawsuit was not "a person interested in the event" even though the outcome of the action might tangibly affect the amount of the legacy he was to receive. The assignment of error is overruled.

[4] Next, defendants argue that there was a genuine issue of material fact because there is an issue relating to the credibility of David Cox. Citing *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392

(1976), defendants argue that because the circumstances themselves are suspect they raise a genuine issue regarding the credibility of Mr. Cox and that this issue is sufficient to defeat the motion for summary judgment. The test set forth in *Kidd* applies only to those situations where the party with the burden of proof is seeking summary judgment based upon that party's own affidavit. The defendants' arguments are based on the premise that Cox has an interest in this litigation. Since we have already determined that this is not the case, their reliance on the doctrine set forth in *Kidd* is without merit. The assignment of error is overruled.

[5] Finally, defendants argue that summary judgment was improperly granted because the "signature of plaintiffs' predecessor in interest to the lease constitutes a waiver of the plaintiffs' right to receive rents as a matter of law or, in the alternative, raises a question of fact of the intention of plaintiffs' predecessor in interest in signing the lease." A defense based upon waiver of rights by the plaintiff is an affirmative defense which must be pled by the defendants. *Lyon v. Shelter Resources Corp.*, 40 N.C. App. 557, 253 S.E. 2d 277 (1979); G.S. 1A-1, Rule 8(c). When a defendant has failed to raise an affirmative defense in the pleadings or at trial, he cannot raise the issue on appeal. *Delp v. Delp*, 53 N.C. App. 72, 280 S.E. 2d 27, *disc. rev. denied*, 304 N.C. 194, 285 S.E. 2d 97 (1981). An examination of the record reveals that the defense of waiver was neither pled nor raised at the hearing on the motion for summary judgment. The issue is, therefore, not properly before us on appeal. The assignment of error is overruled.

The judgment of the trial court is

Affirmed.

Chief Judge VAUGHN and Judge EAGLES concur.