HEART OF THE VALLEY MOTEL, INC., PLAINTIFF v. KYLE EDWARDS AND WIFE, MARY SUE EDWARDS, DEFENDANTS

No. 9230SC866

(Filed 7 September 1993)

**Payment or Tender § 27 (NCI4th)— action to set aside deed— payment—burden of proof**

The trial court erred by placing the burden of proof to show payment, if any, on plaintiff in an action claiming that defendants have not paid any part of the purchase price of a tract of land and seeking to set aside the deed to defendants where defendants admit in their answer that they agreed to pay $26,000 for title to the property and assert that they paid money to the plaintiff and paid consideration to plaintiff. Payment is an affirmative defense, N.C.G.S. § 1A-1, Rule 8(c) (1990), and the general rule places the burden of proving payment upon the party asserting it.

**Am Jur 2d, Payment § 171.**

Judge GREENE dissenting.

**HEART OF THE VALLEY MOTEL v. EDWARDS**

[111 N.C. App. 896 (1993)]

Appeal by plaintiff from Judgment entered 11 May 1992 by Judge C. Walter Allen in Haywood County Superior Court. Heard in the Court of Appeals 18 June 1993.

*Roberts Stevens & Cogburn, P.A., by Max O. Cogburn and Vernon S. Pulliam, for plaintiff-appellant.*

*Russell L. McLean, III for defendants-appellees.*

LEWIS, Judge.

Plaintiff Heart of the Valley Motel, Inc. filed a complaint against defendants on 11 September 1990, claiming defendants have not paid any part of the purchase price of a tract of land and seeking to set aside the deed to defendants. A jury decided in favor of defendants, and plaintiff now appeals, alleging the court erred in denying its motion for a new trial due to errors in the jury instructions.

In late December 1986, plaintiff orally agreed to sell to defendants Kyle and Mary Sue Edwards a tract of land in Haywood County, North Carolina. Plaintiff contends the agreed consideration was $28,000, but defendants contend the amount was $26,000. Plaintiff alleges defendants have not paid any consideration at all, while defendants claim they have.

According to plaintiff the first step in the procedure would be to prepare and record the deed conveying the property to Edwards. Edwards then would transfer $20,000 to Branch Banking and Trust Company (hereafter "BB&T") to release the first mortgage on the property, and would pay the remaining $8,000 directly to plaintiff. Accordingly, after reaching the agreement with Edwards, Charles Spann, president of the plaintiff corporation, directed the corporation's attorney Gavin Brown to prepare a deed to convey the land. Spann signed the deed on 22 December 1986. Before the closing was held or any closing statement was prepared, Brown recorded the deed on 30 December 1986 in the Haywood County Register of Deeds office.

Defendant Kyle Edwards testified that although Spann asked for $28,000 initially, they agreed on a price of $26,000. He also testified that he offered Spann a check for $10,000 payable to BB&T, but that Spann asked for cash instead, which Edwards paid. Edwards testified he gave Spann two more payments totalling $7,000 but did not keep receipts for his payments to plaintiff. In his deposition

Edwards stated that he had the cancelled $10,000 check and would produce it, but never did. He also testified that the check had been torn up. Other conflicting evidence about the alleged delivery of the check was admitted.

At trial six issues were submitted to the jury. On the issue of payment, the trial judge instructed the jury that the burden of proof was on plaintiff to show by the greater weight of the evidence how much money, if any, was paid to plaintiff. Before the jury retired for deliberations, counsel for plaintiff requested a restatement on the burden of proof regarding payment, claiming that the burden should be on defendants. The court refused to withdraw or revise the instruction. After return of the verdict, plaintiff filed a motion for a new trial on the basis that the trial court erred in placing the burden of proving payment upon plaintiff. The court denied the motion.

According to Rule 59 of the North Carolina Rules of Civil Procedure, a new trial may be granted for an "[e]rror in law occurring at the trial and objected to by the party making the motion." N.C.G.S. § 1A-1, Rule 59(a)(8) (1990). Although a trial court's ruling on a motion for a new trial is usually subject to an abuse of discretion standard, *Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982), if that motion is based upon an error of law the discretionary standard does not apply. *Britt v. Allen*, 291 N.C. 630, 635, 231 S.E.2d 607, 611 (1977). The trial court is required to grant the motion for a new trial based on errors of law. *Eason v. Barber*, 89 N.C. App. 294, 297, 365 S.E.2d 672, 674 (1988). Because we find an error of law occurred at the trial in the case at hand, we conclude the trial court should have granted the motion for a new trial.

Payment is an affirmative defense, N.C.G.S. § 1A-1, Rule 8(c) (1990), and the general rule places the burden of proving payment upon the party asserting it. *Shaw v. Shaw*, 63 N.C. App. 775, 777-78, 306 S.E.2d 506, 507 (1983); *Isenhour v. Icenhour*, 71 N.C. App. 762, 764, 323 S.E.2d 369, 371 (1984). In their Answer defendants admit they agreed to pay $26,000 for title to the property. They also assert they "paid money to the Plaintiff[,]" and "paid consideration to Plaintiff."

In its instructions to the jury the trial judge stated "[t]he burden of proof on this issue is . . . on the plaintiffs to prove by the greater weight of the evidence the amount of money, if

**HEART OF THE VALLEY MOTEL v. EDWARDS**

[111 N.C. App. 896 (1993)]

any, that has been paid by the defendants to the plaintiffs." In response to plaintiff's request for reinstruction, the court stated "I thought about that but I think the burden is on the plaintiff on that issue . . . [t]o show the lack of payment, not that anything had been paid."

It is clear that the trial court erred in placing the burden of proof on plaintiff to show nonpayment. Due to this error of law, the trial court should have granted plaintiff's motion for a new trial.

Reversed and remanded.

Judge EAGLES concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I do not agree with the majority "that the trial court erred in placing the burden of proof on plaintiff to show nonpayment." The general rule placing the burden of proving payment upon the party asserting payment does not apply in this case because the plaintiff seeks recision of the deed transfer on the grounds of non-payment. *See* 70 C.J.S. *Payment* § 62 (1987). As such, nonpayment is an essential element of the plaintiff's case and the plaintiff has the burden of proof on this issue. 70 C.J.S. *Payment* § 69, at 58 (1987) ("in a contract action, plaintiff has the burden of proving the nonpayment where the nonpayment is the very breach alleged"). Accordingly, the trial court correctly instructed the jury and did not err in denying plaintiff's motion for a new trial.